## EX PARTE M. R. BEAMER AND H. B. SEAY.

No. 4136.   Decided June 16, 1926.
(285 S. W., 255).

#### 1.—Habeas Corpus—Restraint.

The writ of habeas corpus will lie only to enlarge one from an illegal restraint of his liberties.   It is not available as a writ of error to review or correct erroneous proceedings or as an appeal from erroneous judgments. (P. 43).

#### 2.—Same.

Defendants were sued for fraud in procuring a sale of land to plaintiffs and for cancellation of notes assumed by the latter therein and secured by trust deed with power of sale.   Pending this action the trustee, at defendants' instance, advertised the land for sale under his power.   For protection of its jurisdiction and the preservation of the status of the property the court had defendants and the trustee brought before it and issued an order, without injunction bond, forbidding such sale pending the litigation. Defendants, claiming this order to be void, had a substitute trustee advertise the property again for sale.   They were brought before the court by attachment and adjudged to be in contempt, but finding no disrespect intended, no penalty except costs was imposed, and they were set at liberty. *Held* that, not being under restraint of person, they could not maintain habeas corpus to relieve them from anticipated punishment if they persisted in making the sale.   (Pp. 41-43).

The case arose on an original application to the Supreme Court by Beamer and Seay for writ of habeas corpus.

*Gause & Kirkpatrick,* and *D. W. Glasscock,* for relators.

That the injunction was void because issued without bond, and the judgment for contempt therefore an unlawful restraint. American Rio Grande Ld. & Irr. Co. v. Ford, 260 S. W., 277.

*Bliss, Bagby & Gray,* for respondents.

The applicants have not shown that they are restrained of their liberty within the meaning of the law and therefore they are not entitled to the remedy of the writ of *habeas corpus.*   12 Ruling Case Law, 1187, 1188; Wales v. Whitney, 114 U. S., 564.

A proceeding in *habeas corpus* cannot be used as a means of reviewing by way of appeal or writ of error the action of the

trial court in a contempt proceeding.    Ex Parte Smith, 110 Texas, 55; Ex Parte Lipscomb, 111 Texas, 409.

The trial court did not commit an error in holding the applicants guilty of contempt in undertaking to sell the land involved in this suit under the power of sale contained in the deed of trust during the pendency of the suit to cancel the lien given by the deed of trust as well as the notes and to remove said apparent lien as a cloud upon the title of the Fords to said tract of land.    Richard v. Van Meter, 3 Crouch, C. C., 214; Wartman v. Wartman, Fed. Cases, No. 17210; Ex Parte Kellogg, 64 Cal., 343; In re Farr, 41 Kan., 276; People v. Kearney, 21 How. Prac., 74; Greite v. Hendricks, 71 Hun, 11; Fenner v. Gauborn, 37 Barb., 610; San Antonio St. Ry. Co. v. State, 38 S. W., 59; Merriance River Savings Bank v. Clay Center, 219 U. S., 527.

MR. JUSTICE PIERSON delivered the opinion of the court.

Relators M. R. Beamer and H. B. Seay seek by the writ of habeas corpus to be relieved of an alleged restraint on their liberties, alleging that they are illegally restrained of their liberties by L. J. Polk, Judge of the Ninety-third Judicial District of Texas; A. Y. Baker, Sheriff of Hidalgo County, and A. R. Baker, Constable of Precinct No. 6 of Hidalgo County, acting in their official capacities as named.    As gleaned from the exhibits and the pleadings the facts necessary to a decision of this case may be summarized as follows:

J. T. Ford and D. T. Ford brought suit in the District Court of Hidalgo County against the Stewart Farm Mortgage Company, W. E. Stewart, W. E. McNeese, and the American Rio Grande Land & Irrigation Company in which they allege that they had been induced to purchase a certain tract of land through false and fraudulent representations and sought to recover damages and to have canceled certain notes and a deed of trust on the land to secure their payments, which notes were payable to the order of the American Rio Grande Land & Irrigation Company.    After the said suit had been pending for some time, Robert E. Kirkpatrick, who had been appointed substitute trustee under the said deed of trust, advertised the land for sale to satisfy said notes, the cancellation of which was sought in the case.    Upon motion of J. T. and D. T. Ford, on the 3rd day of July, 1922, the District Judge, L. J. Polk, entered his order restraining the said Irrigation Company and Robert E. Kirkpatrick, substitute trustee, from making the sale of said land as advertised until further ordered by the court.    On October 2

thereafter the defendants, American Rio Grande Land & Irrigation Company and Robert E. Kirkpatrick, substitute trustee, filed their motion to dissolve said injunction.   On February 4, 1924, the American Rio Grande Land & Irrigation Company, through H. B. Seay, its vice-president and general manager, caused the said Robert E. Kirkpatrick to resign as substitute trustee and appointed M. R. Beamer substitute trustee, and said Beamer proceeded again to advertise said land for sale under said deed of trust for the satisfaction of the notes, all of which were involved in the original suit pending.   Upon motion of the plaintiffs, J. T. and D. T. Ford, the Honorable L. J. Polk, District Judge of the Ninety-third Judicial District, ordered an attachment to be issued requiring the Sheriff of Hidalgo County to bring the said M. R. Beamer and H. B. Seay before the court to show cause why they should not be dealt with for contempt of court.   Upon hearing upon said contempt order the court found said parties guilty of contempt but that said contempt was unintentional and the court imposed no punishment except that said Beamer and Seay would be required to pay the cost of the contempt proceedings.   No order was issued by the court committing them to the jail or to the custody of the sheriff or any other peace officer, but the said Beamer and Seay went at large at their will.   Whereupon relators made application for writ of habeas corpus to this court, alleging that they were illegally restrained of their liberties by all of said hereinbefore mentioned respondents "under and by virtue of, or under color of, certain orders made and entered by said L. J. Polk as Judge of the Ninety-third Judicial District Court of Hidalgo County * * * and also by virtue of certain process being an attachment issued by the clerk of said court * * * on February 4, 1924," requiring them to show cause why they should not be punished for contempt.

The right to be discharged and freed from the alleged illegal restraint under the writ of habeas corpus in this case is dependent upon, first, whether applicants for the writ are restrained of their liberties, and second, whether the order under which they were found to be in contempt is absolutely void, i. e. whether the judgment of contempt is void.

We must dismiss the application for the writ because the facts fail to support the allegation that relators are restrained of their liberties.

In their answer, respondents, the Honorable L. J. Polk, District Judge; A. Y. Baker, Sheriff of Hidalgo County, and A. R.

Baker, Constable of Precinct No. 6 of Hidalgo County, disclaim the exercise of any restraint whatever over the liberties or actions of said relators. Their allegations are in no particular denied or contradicted. In their answer, after setting out in detail the circumstances leading up to the judgment of contempt, concluding with the statement that the court inflicted no punishment upon relators except taxing them with the cost of said contempt proceedings, respondents state "applicants (H. B. Seay and M. R. Beamer) were permitted to go free from any restraint whatever, nor was any attempt made by any of these respondents to restrain the liberty of said H. B. Seay and the said M. R. Beamer in any way whatever nor was either of the said applicants committed to the custody of the said A. Y. Baker, sheriff as aforesaid, nor to the custody of A. R. Baker, constable as aforesaid, nor was any promise exacted of them that they or either of them should thereafter place himself in the custody of said officers or of either of them, nor was either one of them either arrested or told to consider themselves under arrest. None of these respondents has attempted by word or act to restrain the liberty of either one of said applicants in any respect whatever, after the rendition of said judgment by the said District Court through the said Hon. L. J. Polk, the presiding judge thereof."

These averments were in nowise contradicted or denied by relators. but are supported by the pleadings and the orders entered as disclosed by the transcript. On the other hand, relators in their petition for writ of habeas corpus say "your relators have refused to pay said costs or any part thereof, in good faith believing same to be illegal and unjust, and have been and are under restraint of said orders and process and proceedings as above fully set forth; but your relators have not been and are not now in actual confinement, and have been and are now being permitted by the indulgence of the respondents to go about their affairs, but always under the control and restraint of respondents under and by virtue of said orders and proceedings. That while no agreement was made to such effect, and no orders made by said judge or said court to said effect, your relators believe and thereon state that the respondents have permitted them to go about their affairs and have not placed them in actual confinement, but have held and are holding your relators under such restraint as above stated, in a tacit continuation of the 'status quo,' awaiting the action and opinion of the said Court of Civil Appeals in the said appeal as above stated."

It is apparent from this statement that the relators are not

restrained of their liberty. It is a well established principle of law that if one is entitled to the writ of habeas corpus he must be actually restrained of his liberty, or at least there must be some legal restraint other than mere moral suasion. It is clear in this case that no such restraint exists. It appears from the petition of relators that they consider themselves restrained by the "orders and process and proceedings" had in the court; also that the restraint exists in the fact that they do not feel at liberty to proceed with what they consider their legal right in the matter of proceeding with the sale of the land by the substitute trustee M. R. Beamer. In their petition for the writ they set out the actions done in regard to their attempted sale of said land under the deed of trust and complain and allege that the injunction issued restraining the substitute trustee from selling said land is void because no bond was required or given thereunder. It appears from a general review of their pleadings that they consider the said injunction to be a restraint upon their liberties. We do not so consider. In any event we are clearly of the opinion that they are not entitled to a writ of habeas corpus because they are not restrained of their liberties. It is well established that writ of habeas corpus will lie only to enlarge one from an illegal restraint on his liberties and is not available as a writ of error to review or correct erroneous proceedings or as an appeal from erroneous judgments. 29 Corpus Juris (Habeas Corpus), Sec. 1, et seq.; Vol. 3, Green's Complete Texas Digest, pp. 5503 and 5504; Ex Parte Snyder, 39 Texas Crim., 120, 44 S. W., 1108; Ex Parte Patterson, 56 S. W., 912; Ex Parte Jonischkies, 88 Texas Crim., 129, 224 S. W., 1092; Ex Parte Lipscomb, 111 Texas, 409. Many more authorities could be cited but we deem it unnecessary. The authorities referred to give full discussion of the principles upon which the writ may be granted and cite many authorities. The application for the writ will be dismissed.