**Ex parte Larry Julian BLACKMON, Relator.**

**No. 16577.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 2, 1975.

K. D. Kennan, Houston, for appellant.

Anthony L. Vetrano, Jr., Houston, for appellee.

EVANS, Justice.

Relator, Larry Julian Blackmon, filed this original petition for writ of habeas corpus, seeking review of an order holding him in contempt for failure to make child support payments. The order of commitment directed that relator should be confined in the county jail for a period of sixty days and until he should purge himself by paying his former wife, Patricia Louise Blackmon, the amount the court found relator to be in arrears, the sum of $1,000.00, and costs of court, including $200.00 attorney's fees.

We sustain relator's contention that he was denied due process in that the court overruled his motion for continuance and proceeded with the hearing in his absence.

Whether due process has been accorded to a party must generally be determined by an examination of the entire record, including all evidence presented at the contempt hearing. *Ex parte Cox,* 479 S.W.2d 110 (Tex.Civ.App.—Houston [1st] 1972, no writ). We briefly review the sequence of proceedings, as evidenced by the petition for habeas corpus and by the record made upon hearing of relator's motion for continuance and of the petition for contempt.

The parties were divorced by decree dated July 17, 1972 under the terms of which Patricia Blackmon was granted custody of the minor child and relator was ordered to pay $125.00 per month as child support, $27.00 of which was to be paid directly to Mrs. Blackmon and $98.00 to "the nursery directly for the minor child." By order entered November 25, 1974 in a related action filed by relator seeking modification of the original divorce decree, relator was named managing conservator of the minor child and ordered to continue making support payments in the amount of $125.00 monthly, but the modification order provided that the first payment was to be made to Harris County Probation Department on or before November 29, 1974 and all payments thereafter were to be paid into "a savings and loan association" to be held in trust for

the use and benefit of the child pending further order of the court. On September 17, 1974, Patricia Blackmon had filed a habeas corpus action seeking return of the child to her and on October 4, 1974, the court by docket entry ordered return of the child to her by 12:00 noon on October 5, 1974. The written order to this effect was signed and entered on January 3, 1975, and on April 2, 1975, the trial court by interlineation purported to amend the order so as to require the return of the child on April 4, 1975. On April 1, 1975 Patricia Blackmon filed another petition for habeas corpus, asserting that she was entitled to have the child returned to her under the provisions of the divorce decree, and upon response filed by Larry Blackmon asserting that the issues had been determined by the court's modification order of November 18, 1974, the court, on April 4, 1975, dismissed that action on the ground that it did not have jurisdiction. However, on May 30, 1975, the court entered an order which purported to reinstate that proceeding on its docket, and by separate order on that same date, the court ordered that the child be returned to Patricia Blackmon on June 1, 1975.

This contempt proceeding was filed by Patricia Blackmon on April 1, 1975, and initially set for hearing on June 12, 1975. The record does not reflect that relator was served with copy of the original contempt motion, but the record shows that relator did respond to the amended petition for contempt which was set for hearing on June 19, 1975. In her amended petition for contempt, Patricia Blackmon complained of relator's failure to make the child support payments as required by the terms of the original divorce decree and also complained that relator had failed to return the child to her on June 1, 1975, as directed by the aforementioned order.

On June 18, 1975, the day prior to the setting date for the contempt hearing, the trial court proceeded to hear relator's motion for continuance. In this motion relator asserted that he had been involved in an accident and had been hospitalized in the Fayette Memorial Hospital in La Grange, Texas since June 2, 1975, and was unable to leave same for the purpose of appearing in court. Attached to relator's motion for continuance was a statement bearing the letterhead of James T. Makinson, M.D., Physician and Surgeon, La Grange, Texas, which was apparently signed by Dr. Makinson, and which stated: "Larry Blackmon will be hospitalized for 1–2 more weeks with severe neck injury, will be unable to travel for 6 weeks."

While Dr. Makinson did not swear to the truth of this statement, relator's attorney verified the statements in the motion to be true and correct. A second motion for continuance, apparently filed on June 18, 1975, set forth relator's further contention that he had been unable to secure certain testimony needed for his defense, but that motion lacked proper verification since the acknowledgment stated only that the facts contained therein were true and correct to the best of affiant's knowledge and belief. *Bray v. Miller,* 397 S.W.2d 103 (Tex.Civ. App.—Dallas, 1965, no writ).

Relator's attorneys contended that relator's testimony was vital to their defense of payment of past child support installments and a continuance was sought so that relator could be present to give his testimony or so that his deposition could be taken. At the hearing on the motion for continuance, the trial judge asked relator's attorneys where the child was and upon being advised by the attorneys that they did not know, the trial judge responded that until he received an acceptable answer to that question, he was going to overrule the motion for continuance. On the following day, at the hearing on the contempt petition, the trial judge stated that he would grant the motion and reset the hearing if relator would produce the child by the next day. When relator's attorneys again stated they did not know exactly where the child was and did not agree to produce the child, the court overruled their motion.

■ The trial court's statements clearly indicate that his decision to deny relator's motion for continuance was based upon relator's failure or refusal to produce the child. Under the order dated November 29, 1974, modifying the terms of the original divorce decree, relator was entitled to custody and possession of the child, and until that order was set aside or legally superseded by an order awarding custody to Mrs. Blackmon, relator was under no obligation to deliver possession of the child to Mrs. Blackmon. *Ex parte Peterson,* 444 S.W.2d 286 (Tex. 1969).

■ While a court ordinarily has broad discretion to either grant or deny a motion for continuance, the exercise of that discretion must be closely scrutinized in a proceeding which, as in the case at bar, is both civil and criminal in nature. A denial of a continuance must not be so arbitrarily exercised as to violate due process of law. *Ex parte Hosken,* 480 S.W.2d 18 (Tex.Civ.App. —Beaumont 1972, no writ). In our opinion the trial court's action in proceeding with the hearing in the absence of relator constituted an abuse of discretion and as a result thereof, relator was unable to give testimony in defense of the charges made against him. We hold this to be a denial of relator's right of due process and the order of commitment to be void.

■ We overrule relator's contention that the commitment order is punitive in nature and exceeds the jurisdiction of the court. Article 1911, Tex.Rev.Civ.Stat.Ann., was repealed effective August 30, 1971 and Article 1911a, Tex.Rev.Civ.Stat.Ann., provides that every court other than a justice court or municipal court may punish any person guilty of contempt of court by a fine of not more than $500.00 or by confinement in the county jail for not more than six months or both. The order of commitment in the case at bar is well within the trial court's statutory authority.

■ We also overrule relator's contention that the pleadings did not give adequate notice of the arrearage claimed or the times when the arrearages allegedly occurred and thereby violated his right of due process of law. The amended petition for contempt alleged that relator had knowingly and without justification failed and refused to comply with the court's order dated July 17, 1972, which awarded custody of the minor child to Patricia Blackmon and ordered relator to pay $125.00 per month as child support. In response to this pleading, relator filed a verified answer in which he alleged that he had fully complied with the child support order until the time it was superseded by an order of modification entered on November 25, 1974. Relator did not by special exceptions make known to the court that he desired more specific notice of the charges against him. Relator's complaint that the petition lacked specificity should have been presented to the court upon special exceptions directed to the pleading. See *Ex parte Woodruff,* 483 S.W.2d 951 (Tex.Civ.App.—Texarkana 1972, writ dism'd, w. o. j., 487 S.W.2d 692).

■ It is our further view that the evidence does not support the finding of the court that relator's arrearage in support payments amounted to the sum of $1,000.00. Under the terms of the order dated November 25, 1974, modifying the provisions of the original divorce decree, relator was directed to make one payment to the Harris County Probation Department on or before November 29, 1974 and all subsequent payments were to be paid into "a savings and loan association." Mrs. Blackmon admitted that she had received the payment through the Harris County Probation Department. Her testimony was that relator was three months in arrears as of August, 1974, and that except for the payment received through the Probation Department she had not received any other payments. Under the terms of the November 25, 1974, order, relator was not required to make any payments directly to Mrs. Blackmon and there was no testimony that relator had not complied with the terms of that order. The evidence presented would, at most, support

a finding that relator was in arrears to Mrs. Blackmon in the sum of $625.00. Under the record before us we have serious question whether the evidence would support any order of contemptuous disobedience for alleged violation of the terms of either the original divorce decree or the order of modification. See *Ex parte Stroope,* 524 S.W.2d 378 (Tex.Civ.App.—Dallas 1975, no writ). However, our judgment is made without prejudice to any further action in the trial court with respect to the issue of contempt.

It is ordered that relator is discharged from custody under the order of commitment dated June 19, 1975.