**Ex parte Gary David FRIEDMAN, Relator.**

**No. 08–91–00005–CV.**

Court of Appeals of Texas, El Paso.

March 27, 1991.

Eugene M. Semko, Schwartz, Earp, McClure, Cohen & Stewart, El Paso, for relator.

Thomas A. Spieczny, El Paso, for respondent.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

OSBORN, Chief Justice.

Gary David Friedman, having been held in contempt and sentenced to twenty days in jail, has filed an Application for Writ of Habeas Corpus to obtain his release from the order of contempt. We grant the Writ in part and deny it in part.

The Relator and his wife were divorced by a decree signed on June 2, 1989. Under the terms of the decree, Mr. Friedman was ordered to pay child support in the amount of $700.00 per month. On March 2, 1990, Mrs. Friedman filed a motion to enforce that decree by contempt and for judgment for the unpaid child support. The motion alleged six specific dates on which the amount ordered had not been paid and the amount of each default. It was alleged that the arrearage in support payments was $2,800.00. Mr. Friedman filed a motion to modify and sought a reduction in his support payments. Following a hearing on June 4, 1990, the court found Relator in contempt and assessed punishment of 20 days in jail and a fine of $2.000.00. The court announced a judgment would be entered for $1,825.00 plus $515.77 for medical expenses. The court then announced that no commitment order would be signed for thirty days to give Relator an opportunity to purge his contempt. Following a hearing on July 5, 1990, the court announced "I will continue this contempt hearing and also the temporary modification to see Mr. Friedman, what you are doing between now and then." On August 27, 1990, the court signed an order modifying prior order which reduced the support payments to $400.00 per month. The court found no contempt for payments due prior to June 1, 1990.

As part of that order, the court ordered that the case was continued until January 7, 1991 to review the monthly child support. Mr. Friedman was ordered to produce at that time (1) copies of all bank statements and canceled checks on any account in his name or any account where he could deposit or withdraw money; and (2) monthly income and expense statements detailing all sources of income received and expenses paid each month. In addition to furnishing that information to the court on January 7, 1991, the information was to be supplied to counsel for his former wife by December 31, 1990. When that information was not timely supplied, Mrs. Fried-

man filed a motion for enforcement of orders by contempt which was served on Relator's counsel on January 2, 1991. There was no service on Relator.

Following the hearing on January 7, 1991, the court entered an order of contempt which found Mr. Friedman in contempt of the court's order to produce bank statements and canceled checks and assessed punishment at ten days in jail for failure to supply such information to the court, and the order found him in contempt of the court's order to supply the required information to opposing counsel and assessed punishment at ten days in jail for the failure to supply that information.

■ In a habeas corpus action, the guilt or innocence of the Relator is not an issue. The only issue concerns the legality of Relator's detention. *Gilbert v. Texas*, 437 S.W.2d 444 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.). For this Court to order the release of the Relator, the trial court's order of commitment must be void, either because it was beyond the power of the court to enter or because it deprived the Relator of his liberty without due process of law. *Ex parte Barnett*, 600 S.W.2d 252 (Tex.1980); *Ex parte Haskin*, 801 S.W.2d 12 (Tex.App.—Corpus Christi 1990). The question in this case only involves due process of law.

■ Both findings of contempt in this case involve a failure to supply records, and clearly, the order to furnish those records to opposing counsel is conduct outside the presence of the court. In *Ex parte Vetterick*, 744 S.W.2d 598, 599 (Tex.1988), the Court said:

> In a case involving conduct outside the presence of the court, due process requires that the alleged contemnor receive full and unambiguous notification of the accusation of any contempt. This notice should be by show cause order or equivalent legal process personally served on the alleged contemnor, and it should state when, how and by what means the defendant has been guilty of contempt. [Emphasis added].

Tex.Fam.Code Ann. § 14.315(c) (Vernon Supp.1991) requires that notice of a motion seeking enforcement of an existing court order which has been joined with other claims be by service of citation. Section 14.315(b) permits a hearing on the Monday next after the expiration of twenty days after the date of service. In this case, the hearing was only five days after service on counsel. That was not in compliance with the due process requirements of the Code.

■ With regard to the order to produce in court on January 7, 1991 the bank statements and canceled checks on any account in which he had a right to deposit monies or withdraw monies, Mr. Friedman acknowledged that he was not prepared to do that on the day of the hearing. No explanation was offered for his failure to comply other than to say it was his mother's account. That was a direct contempt. In *Ex parte Ratliff*, 117 Tex. 325, 3 S.W.2d 406 (1928), the distinction between direct and constructive contempt of court was set forth as follows:

> 'In the one the court sees and knows of all the acts which constitute the contempt, and needs no testimony to establish their existence as facts, while in the other testimony must be heard to inform the court, and, this being so, due process of law demands that this testimony should be heard publicly, in open court, and by both sides to the controversy, after due notice to the accused of what is alleged against him, in order that he may have an opportunity to meet and explain it.'

In *Ex parte Werblud*, 536 S.W.2d 542 (Tex.1976), the Court said a direct contempt occurs within the presence of the court, while a constructive or indirect contempt occurs outside the presence of the court. The real distinction is not always easy to draw. J. Magee, *Contempt of Court in Texas*, 14 S.Tex.L.J. 278, 280–81 (1973). We conclude that the failure to produce the required documents in the presence of the court was a direct contempt and required no notice before the determination to hold the Relator in contempt. As noted in the opinion in *Ex parte Ratliff*, 117 Tex. 325, 3

S.W.2d 406, 407 (1928) from a quote from Chief Justice Taft in *Cooke v. United States*, 267 U.S. 517, 535, 45 S.Ct. 390, 394, 69 L.Ed. 767, 773 (1925):

'Due process of law, therefore, in the prosecution of contempt, except of that committed in open court, requires that the accused should be advised of the charges and have a reasonable opportunity to meet them by way of defense or explanation.' [Emphasis added].

We deny the Writ as to the first finding of contempt and the order for confinement for ten days. We grant the Writ as to the second finding of contempt and order the Relator discharged as to the confinement for the second period of ten days.

Relator is remanded to the custody of the sheriff to serve his term of confinement for ten days.