The **ATTORNEY GENERAL OF TEXAS, Appellant,**

v.

**Charner Anderson STEVENS, Appellee.**

No. 01–00–01073–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 25, 2002.

John B. Worley, Child Support Division, Austin, for Appellant.

Roberto Torres, Galveston, for Appellee.

Panel consists of Chief Justice SCHNEIDER and Justices TAFT and RADACK.

## OPINION

MICHAEL H. SCHNEIDER, Chief Justice.

In reducing child support arrearages to a money judgment, the trial court credited appellee, Charner Anderson Stevens, $7,200 based on his adult son's receipt of a Social Security dependent's disability benefits in that amount. Appellant, the Attorney General of Texas (the Attorney General), asserts it was error to credit Stevens for the $7,200 government payment. We reverse and remand.

## Background

Stevens was ordered to pay child support for his two children when he and his wife divorced in 1989. In 1996, an order holding Stevens in contempt for failing to pay child support was entered by the court. Stevens was ordered to pay weekly towards his arrearages, in addition to his ongoing support obligation. Stevens' ongoing child support obligation ended in March 1997, but payments towards the arrearages were still required. Then, in June 1997, Stevens became physically disabled.

Stevens' unpaid arrearages, totaling $10,166.23, were reduced to a money judgment in February 1998. The court ordered Stevens to apply any payments he received from the Social Security Administration towards this judgment. The trial court next re-instated Stevens' obligation to pay ongoing child support for the support of his youngest child. These new obligations were properly paid until this child support obligation ended in May 1999.

The Social Security Administration, on August 26, 1999, ruled that Stevens was disabled and had been so since June 1997. Stevens received a lump-sum payment from the Social Security Administration covering his period of disability from June 1997 to August 1999. Also, his younger son, who had turned 18 years old on October 20, 1998, received a check for $7,200 directly from the Social Security Administration under the dependent's disability benefits program.

The status of the $7,200 payment to the son was put before the trial court when the Attorney General filed a motion to reduce the unpaid child support to a money judgment. It was undisputed that the amount owed, if the $7,200 payment was not taken into account, was $11,256.07. This included the unpaid balance and accrued interest on the previous judgment for $10,166.23. After a hearing on the matter, the trial court concluded that the $7,200 should be credited against the arrearages. Judgment was rendered against Stevens for

$4,056.07 on April 20, 2000. Findings of fact and conclusions of law were later filed.

## Standard of Review

■■■ The Attorney General is appealing the ruling made in response to its motion to reduce unpaid child support to judgment. When presented with such a motion, a trial court "shall confirm the amount of arrearages and render one cumulative money judgment." TEX. FAM. CODE ANN. § 157.263(a) (Vernon 1996).[1] The Attorney General is, in essence, challenging the court's confirmation of the arrearages amount. We review the court's ruling under an abuse of discretion standard. *In re M.E.G.*, 48 S.W.3d 204, 207 (Tex.App.-Corpus Christi 2000, no pet.); *see Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *Worford*, 801 S.W.2d at 109. A trial court's failure to analyze or apply the law correctly constitutes an abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992).

## Special Credit, Not Child Support Payment at Issue

The Attorney General notes that the court's child support orders prescribed a method of payment that was not followed when the child received the $7,200 payment from the Social Security Administration. Stevens' arrearages accrued under both the original 1989 Decree of Divorce order and a February 1996 order that modified the prior decree. Both of these orders stated that all payments were to be sent to the Galveston County District Clerk's Child Support Division office and then remitted by that office to the mother. Thus, the Attorney General argues, the $7,200 was not a proper child support payment. The trial court and Stevens appear to agree with that conclusion.

Stevens does not now argue, nor did he argue at trial, that the $7,200 was a proper child support payment—just as if he had mailed a check to the county child support office. Rather, he argues that we should follow the other courts in Texas and throughout the nation that have given child support obligors special credit for Social Security dependent's disability payments.

Likewise, the trial court characterized the $7,200 not as an actual child support payment, but as a "credit" that Stevens was entitled to "as a matter of equity and law." The court's order did not state that payments could now be made directly to the son, rather than through the county child support registry as previously ordered. In fact, the order granting the credit also ordered Stevens to pay all remaining child support through that same county registry.

Thus, we need not decide whether Social Security dependent's disability benefits could ever be construed as a true child support payment because, here, the court's order clearly did not treat it as such. We turn, instead, to the issue properly presented before us—namely whether the trial court, in rendering its money judgment, could grant Stevens a $7,200 special credit against his arrearages based on the dependent's disability payment made directly to his son.

---

1. The judgment of the court was entered on April 20, 2000, and we will apply and cite to the law in effect at that time. Some changes were made to cited sections of the Family Code during the 2001 legislative session. These changes would not affect the outcome of this case, but they do affect how some subsections are numbered. If the current law is different or cited differently, we will note that in footnotes.

## Validity of Social Security Dependent's Disability Credit

■ The Attorney General argues that the Family Code provides the only offsets and credits available to one who owes child support, and the trial court did not have the discretion to grant a credit that was not outlined in the code. *See* TEX. FAM. CODE ANN. §§ 158.008, 157.262(b) (Vernon 1996).[2] Stevens acknowledges that the Family Code makes no specific provision for crediting Social Security dependent's disability payments against arrearages; however, he points to cases from the Texarkana and San Antonio courts of appeals where credits have been granted for Social Security payments and urges us to follow their lead. *See In re Rich,* 993 S.W.2d 272, 274–75 (Tex.App.-San Antonio 1999, no pet.) (holding parent entitled to credit for any Social Security disability benefits paid to child as a result of parent's disability); *In re Allsup,* 926 S.W.2d 323, 327–28 (Tex.App.-Texarkana 1996, no writ) (holding parent has right to credit for Social Security retirement payments made for child). We will first look to the Family Code for guidance and then consider the case law.

### Family Code Provisions

Family Code section 157.262(b) states, "The money judgment for arrearages rendered by the court may be subject to a counterclaim or offset *as provided by this subchapter.*" TEX. FAM.CODE ANN. § 157.262(b) (Vernon 1996) (emphasis add-

ed). We interpret this to mean that subchapter F, entitled "Judgment and Interest," in which section 157.262 is located, should contain the only provisions for counterclaims and offsets available to the trial court. Surprisingly, the subchapter contains *no* description of any applicable counterclaims or offsets.

This does not, necessarily, make 157.262(b) irrelevant surplusage. The statute still makes it clear that a trial court may not go outside the bounds of the subchapter to fashion counterclaims and offsets when rendering a money judgment, and it prescribes a location for future counterclaims and offsets. Our conclusion that subsection (b) was intended to limit the availability of counterclaims and offsets is buttressed by the limiting nature of the preceding subsection (a) which states, "In a contempt proceeding or in rendering a money judgment, the court may not reduce or modify the amount of child support arrearages." TEX. FAM.CODE ANN. § 157.262(a) (Vernon 1996).[3] Also, other courts have noted that section 157.262 limits a court's discretion when rendering a money judgment on arrearages. *See Curtis v. Curtis,* 11 S.W.3d 466, 471 (Tex.App.-Tyler 2000, no pet.) (quoting *Williams v. Patton,* 821 S.W.2d 141, 153 (Tex.1991) (Phillips, C.J. dissenting)) ("[T]he trial court acts as a 'mere scrivener' who 'mechanically' tallies the amount of arrearages."); *Lewis v. Lewis,* 853 S.W.2d 850, 854 (Tex.App.-Houston [14th Dist.] 1993, no

**2.** In 2001, the Legislature added several new subsections to section 157.262 and redesignated subsection (b) as subsection (f). Act effective May 28, 2001, 77th Leg., R.S., ch. 392, § 3, 2001 Tex Gen. Laws 719, 720. The amendments applied only to motions filed after September 1, 2001, and, even if applicable, would not affect this case. *See id.* at § 4. The text of former subsection (b) was not changed. *See id.* at § 3; TEX. FAM.CODE ANN. § 157.262(f) (Vernon Supp.2002). For pur-

poses of this opinion we will cite to subsection (b) to reflect the law in effect at the time.

**3.** After the 2001 Legislature, the subsection now reads, *"Except as provided by this section,* in a contempt proceeding or in rendering a money judgment, the court may not reduce or modify the amount of child support arrearages." TEX. FAM.CODE ANN. § 157.262(a) (Vernon Supp.2002) (emphasis added).

writ) (same) (referring to former Family Code § 14.41).

The Attorney General presumes that offsets and counterclaims under section 157.008, not located in subchapter F, could also apply. Section 157.008(d) states, "An obligor who has provided actual support to the child during a time subject to an affirmative defense under this section may request reimbursement for that support as a counterclaim or offset against the claim of the obligee." TEX. FAM.CODE ANN. § 157.008(d) (Vernon 1996). The relationship, if any, between sections 157.008 and 157.262 is not entirely clear.[4] However, even if the "actual support" offset of 157.008(d) were applicable to our case, the $7,200 credit would not qualify because Stevens did not show that the support was provided "to the child during a time subject to an affirmative defense under [section 157.008]" as required.[5] *Id.* In sum, nothing in the Family Code provides for the kind of credit given by the trial court, and section 157.262(b) indicates that counterclaims and offsets must be found exclusively in the code.[6]

*Texas Case Law Where Credits Granted*

As we have shown, granting the $7,200 credit was not authorized under the Texas Family Code. However, Stevens' argument to the trial court was not predicated on statutory law, but on case law from other courts. The key cases for our consideration are *In re Allsup*, 926 S.W.2d 323 (Tex.App.-Texarkana 1996, no writ) and *In re Rich*, 993 S.W.2d 272 (Tex.App.-San Antonio 1999, no pet.).

In *Allsup*, the Texarkana Court of Appeals considered how courts nationwide have dealt with Social Security dependent's disability payments before it affirmed a trial court's decision to grant a credit for Social Security retirement payments made to the obligor's ex-wife for the benefit of his child. *Allsup*, 926 S.W.2d at 327–28; *see also* Michael A. DiSabatino, Annotation, *Right to Credit on Child Support Payments for Social Security or Other Government Dependency Payments*

---

4. Prior to 1995, the predecessors of these two provisions were both contained in section 14.41, making it clear that the "actual support" offset should be applied, if applicable, before a court rendered a money judgment for arrearages. *See Lewis*, 853 S.W.2d at 853–54. Much of the Family Code was recodified in 1995. Act effective April 20, 1995, R.S., ch. 20, § 1, 1995 Tex Gen. Laws 113. In the recodification, section 14.41 was repealed and the "actual support" offset, section 157.008(d), was not included in Title 5, subchapter F with section 157.262. At least one court, though, has held that section 157.008 remains the source of the offsets described in 157.262. *See Curtis*, 11 S.W.3d at 471–72 ("[S]ection 157.262 prohibits the reduction of a child support arrearage except by offset or counterclaim. Section 157.008 then provides the method for obtaining an offset against child support arrearages.").

5. Under section 157.008, an obligor may plead as an affirmative defense to a motion for enforcement of child support that the obli-

gee voluntarily relinquished actual possession and control of the child to the obligor for a time in excess of the obligor's court ordered periods of possession. TEX FAM.CODE ANN. § 157.008(a) & (b) (Vernon 1996). Additionally, an obligor may plead as an affirmative defense to an allegation of contempt or a violation of a condition of community service requiring payment of child support that he or she lacked the ability to provide, lacked property that could be sold, unsuccessfully attempted to borrow funds, and knew of no source from which money could be borrowed. *See* TEX. FAM.CODE ANN. § 157.008(c) (Vernon 1996). Stevens pleaded neither of these affirmative defenses. Because he did not, we are not faced with the question of whether the Social Security dependent's disability payment could be considered "actual support."

6. Describing the $7,200 as a "credit" rather than an "offset" or "counterclaim" does not affect our analysis. In this instance, the terms are synonymous.

*Made for Benefit of Child,* 34 A.L.R. 5th 447(1995) (cited by *Allsup*) (providing nationwide review of the issue). The *Allsup* court noted a concurring opinion from the Fourteenth Court of Appeals wherein Justice Hudson stated, "I would hold that social security disability payments made on behalf of a disabled parent for the benefit of his or her children should be credited toward satisfaction of court ordered child support payments." *Ex parte Barlow,* 899 S.W.2d 791, 799–800 (Tex. App.-Houston [14th Dist.] 1995, no writ) (Hudson, J. concurring). *Allsup,* the *Barlow* concurrence, and the DiSabatino annotation were then cited by the San Antonio Court of Appeals when it held in *Rich* that a trial court erred, as a matter of law, by denying an obligor child support credit for Social Security disability benefits paid to the mother for the benefit of the child. *Rich,* 993 S.W.2d at 274–75.

The Texarkana court discussed some of the policy considerations involved in deciding if a credit is warranted. *Allsup,* 926 S.W.2d 323, 327–28. Additionally, *Allsup, Rich,* and Justice Hudson concurring in *Barlow* all note that other states have allowed credits for disability payments. However, none of these opinions consider the binding provisions of the Family Code. Based on our previous analysis of the Family Code, especially section 157.262, we must disagree with these decisions.

Although our decision is based on statutory interpretation, we also note there are equitable factors that favor denying Stevens this credit. Presumably, the mother provided the necessary financial support for her child during the time that Steven's arrearages accrued. The payment of arrearages serves a dual purpose of (1) fulfilling a previously unfulfilled duty to the child, and (2) reimbursing the custodial parent for extra resources expended to support the child. *See Williams v. Patton,* 821 S.W.2d 141, 145 (Tex.1991) ("The payment of arrearages compensates for the wrong to the child at least as much as it reimburses the custodial parent for monies spent on the child."). Giving credit to Stevens for a Social Security dependent's disability payment made directly to his adult son may arguably serve the first purpose, but it ignores the second.

While there may be valid reasons to offset child support arrearages based on Social Security dependent's disability payments, that is a matter for the Legislature's consideration.[7] We hold that the trial court did not have the discretion to grant the $7,200 credit.

We reverse the judgment with respect to the $7,200 credit and remand this cause to the trial court for further proceedings consistent with this opinion.

---

7. We note that the Legislature was not unaware of the impact that disability payments might have on child support issues. Section 154.132 of the Family Code, added in 1999, requires courts to subtract the "amount of benefits or the value of the benefits paid to or for the child as a result of the obligor's disability" when applying the child support guidelines to a disabled obligor. TEX. FAM. CODE ANN. § 154.132 (Vernon Supp.2002). These child support guidelines are not applied when a court renders a money judgment on unpaid arrearages.