NO. 07-03-0523-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



SEPTEMBER 28, 2005


______________________________



IN THE INTEREST OF S.J.T., A MINOR CHILD 


_________________________________



FROM THE 316TH DISTRICT COURT OF HUTCHINSON COUNTY;



NO. 1545; HON. DAVID L. GLEASON, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J. and REAVIS and HANCOCK, JJ.

 The matter before us arises from an attempt to recover unpaid child support from
Keith E. Treadway (Treadway). The trial court entered an order entitled "Final Order on
Motion to Withdraw Administrative Writ of Withholding and Reducing Arrears to Judgment,"
from which Treadway appealed. Through the order, the trial court found the support
arrearage to be $83,500 and directed Treadway to pay all support to the registry of the
court. The sole issue presented on appeal concerns whether the trial court erred in failing
to credit against the arrearage the Social Security disability payments received by
Treadway's daughter, S.J.T. (1) We affirm the order of the trial court.

 Unless provided by §157.262 of the Texas Family Code, a trial court is barred from
reducing or modifying the amount of child support arrearages "in a contempt proceeding
or in rendering a money judgment." Tex. Fam. Code Ann. §157.262(a) (Vernon 2002). (2) 
Because of this provision, Social Security disability payments received by a child of a
disabled parent cannot be used as an offset or credit against child support arrearages due
from the parent. Attorney Gen. v. Stevens, 84 S.W.3d 720, 722-24 (Tex. App.-Houston
[1st Dist.] 2002, no pet.). Furthermore, the authority cited by Treadway holding to the
contrary, e.g., In re Allsup, 926 S.W.3d 323 (Tex. App.-Texarkana 1996, no writ) and In
re Rich, 993 S.W.2d 272 (Tex. App.-San Antonio 1999, no pet.), did not consider the
legislative mandate memorialized in §157.262(a) and barring the reduction of the
arrearage. Attorney Gen. v. Stevens, 84 S.W.3d at 725. We cannot ignore that directive,
and it is up to the legislature to change it if it cares to.

 Accordingly, the order of the trial court is affirmed.


 Brian Quinn

 Chief Justice
1. The record illustrates that Treadway began receiving disability payments from the Social Security
Administration several years after divorcing the mother of S.J.T. The Administration also sent S.J.T.
payments due to her father's disability. The payments she received totaled $21,599.
2. Through subsection (f) of §157.262, the legislature declared that the "money judgment for arrearages
rendered by the court may be subject to a counterclaim or offset as provided by this subchapter." Tex. Fam.
Code Ann. §157.262(f) (Vernon 2002) (emphasis added). Yet, the subchapter referred to, i.e. Subchapter
F of Chapter 157 of the Family Code, makes no provision for offsets or counterclaims. And, to the extent that
§157.008(d) of the Family Code entitles an obligor to prosecute a counterclaim or aver an offset, that
opportunity is limited to situations wherein child support is paid when the obligee voluntarily relinquished
possession or control over the child to the obligor or when the obligor lacked the ability to make payment, Id.
§157.008(d). Treadway does not contend that either situation occurred here.



an style="font-size: 12pt">                                                                James T. Campbell

                                                                           Justice