NO. 07-03-0523-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 28, 2005
_____

IN THE INTEREST OF S.J.T., A MINOR CHILD
_____

FROM THE 316TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 1545; HON. DAVID L. GLEASON, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J. and REAVIS and HANCOCK, JJ.

The matter before us arises from an attempt to recover unpaid child support from Keith E. Treadway (Treadway). The trial court entered an order entitled "Final Order on Motion to Withdraw Administrative Writ of Withholding and Reducing Arrears to Judgment," from which Treadway appealed. Through the order, the trial court found the support arrearage to be $83,500 and directed Treadway to pay all support to the registry of the court. The sole issue presented on appeal concerns whether the trial court erred in failing to credit against the arrearage the Social Security disability payments received by Treadway's daughter, S.J.T.[1] We affirm the order of the trial court.

---

[1]The record illustrates that Treadway began receiving disability payments from the Social Security Administration several years after divorcing the mother of S.J.T. The Administration also sent S.J.T. payments due to her father's disability. The payments she received totaled $21,599.

Unless provided by §157.262 of the Texas Family Code, a trial court is barred from reducing or modifying the amount of child support arrearages "in a contempt proceeding or in rendering a money judgment."  TEX. FAM. CODE ANN. §157.262(a) (Vernon 2002).[2] Because of this provision, Social Security disability payments received by a child of a disabled parent cannot be used as an offset or credit against child support arrearages due from the parent.  *Attorney Gen. v. Stevens*, 84 S.W.3d 720, 722-24 (Tex. App.–Houston [1st Dist.] 2002, no pet.).  Furthermore, the authority cited by Treadway holding to the contrary, *e.g.*, *In re Allsup*, 926 S.W.3d 323 (Tex. App.–Texarkana 1996, no writ) and *In re Rich*, 993 S.W.2d 272 (Tex. App.–San Antonio 1999, no pet.), did not consider the legislative mandate memorialized in §157.262(a) and barring the reduction of the arrearage.  *Attorney Gen. v. Stevens*, 84 S.W.3d at 725.  We cannot ignore that directive, and it is up to the legislature to change it if it cares to.

Accordingly, the order of the trial court is affirmed.


Brian Quinn
Chief Justice

---

[2]Through subsection (f) of §157.262, the legislature declared that the "money judgment for arrearages rendered by the court may be subject to a counterclaim or offset as provided by *this* subchapter."  TEX. FAM. CODE ANN. §157.262(f) (Vernon 2002) (emphasis added).  Yet, the subchapter referred to, *i.e.* Subchapter F of Chapter 157 of the Family Code, makes no provision for offsets or counterclaims.  And, to the extent that §157.008(d) of the Family Code entitles an obligor to prosecute a counterclaim or aver an offset, that opportunity is limited to situations wherein child support is paid when the obligee voluntarily relinquished possession or control over the child to the obligor or when the obligor lacked the ability to make payment, *Id.* §157.008(d).  Treadway does not contend that either situation occurred here.