In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-426 CV


____________________



IN THE INTEREST OF R.L.S.






On Appeal from the 1-A District Court


Jasper County, Texas


Trial Cause No. 9055






 MEMORANDUM OPINION 


 On appeal, the Attorney General of Texas attacks the trial court's order confirming
a child support arrearage. In the order, the trial court found Randy Spikes's child support
arrearage to be $4,303.60 as of December 31, 2004. The sole issue presented in this appeal
concerns whether the trial court erred in crediting a Social Security disability payment
received by R.S., Randy's daughter, against Randy's accrued and unpaid support arrearage. 
We hold that the trial court erred in crediting the Social Security disability payment to R.S.
against Randy's child support arrearage.


BACKGROUND

 In 1988, the trial court entered a divorce decree ordering Randy to pay child support
for his minor daughter, R.S. By 2005, Randy was delinquent in meeting his child support
obligations, and after a hearing in 2005 the trial court entered findings of fact and
conclusions of law. One of the trial court's conclusions of law states, "When a lump sum
award of Social Security Disability benefits is awarded to a child as a result of the non-custodial parent's disability arising before the child emancipates, the lump sum award must
be credited toward child support arrears owed to the custodial parent and/or the state." The
trial court also found that in October 2003, the Social Security Administration paid a lump
sum award of $10,606.00 directly to the minor child, R.S. Based on its findings and
conclusions, the trial court granted judgment against Randy for $4,303.60, which sum
allowed Randy a credit for the $10,606.00 Social Security payment made directly to R.S.
because of Randy's disability. 

 Within thirty days of the trial court's order, the Attorney General filed a motion for
new trial. Tex. R. Civ. P. 329b (a). In the motion, the Attorney General specifically
complains that the trial court erroneously allowed a credit of $10,606.00 for the Social
Security disability payment to R.S. Within ninety days of the June 21, 2005 judgment, the
Attorney General filed a notice of appeal. Tex. R. App. P. 26.1(a)(1). 

APPLICATION OF LAW TO FACTS

 The Attorney General's issue claims the law does not allow Randy a credit on his
child support arrearage for a payment made to R.S. triggered by Randy's disability. We
review the trial court's ruling that credited the Social Security disability payment against
Randy's child support arrearage under an abuse of discretion standard. Attorney Gen. of Tex.
v. Stevens, 84 S.W.3d 720, 722 (Tex. App.- Houston [1st Dist.] 2002, no pet.). A trial
court's incorrect application of the law is an abuse of discretion. Walker v. Packer, 827
S.W.2d 833, 840 (Tex. 1992). 

 Through the Family Code, the Texas Legislature addresses the credits available to
offset a child support arrearage. Section 157.262(a) of the Family Code states, "Except as
provided by this section, in a contempt proceeding or in rendering a money judgment, the
court may not reduce or modify the amount of child support arrearages." Tex. Fam. Code
Ann. § 157.262(a) (Vernon 2002). With respect to child support arrearages, the Legislature
has not created an exception allowing the reduction of a child support arrearage to account
for Social Security disability payments. See Stevens, 84 S.W.3d at 723-24. 

 Several of our sister courts have held that trial courts may not credit Social Security
disability payments received by a child due to a parent's disability against a child support
arrearage. In the Interest of G.L.S., 185 S.W.3d 56, 60 (Tex. App.- San Antonio 2005, no
pet.); In the Interest of S.J.T., No. 07-03-0523-CV, 2005 WL 2385449, at *1 (Tex. App.-
Amarillo Sept. 28, 2005, no pet.); Stevens, 84 S.W.3d at 722-24. In addressing the issue the
Houston First Court of Appeals stated, "In sum, nothing in the Family Code provides for the
kind of credit given by the trial court, and section 157.262(b) indicates that counterclaims
and offsets must be found exclusively in the code." Stevens, 84 S.W.3d at 724. 

 The Texas Legislature has not provided a credit against a child support arrearage for
payments made to a child because of a parent's disability. Moreover, the Legislature has
expressly mandated that a trial court is not permitted to reduce or modify the amount of a
child support arrearage except as provided in Section 157.262 of the Family Code. The plain
language of the statute is clear; it does not provide for a credit for Social Security disability
payments. Further, a judicially created credit based on equitable principles encroaches on
the power of the Legislature. Through the Texas Constitution, the people have vested the
Legislature with the power to create the law of the state. Tex. Const. art. II, § 1. The role
of the courts is not "to judge the wisdom of the policy choices of the Legislature, or to
impose a different policy of our own choosing." Edgewood Indep. Sch. Dist. v. Meno, 917
S.W.2d 717, 726 (Tex. 1995) [Edgewood IV]. 

 We hold that the trial court abused its discretion in allowing a credit toward a child
support arrearage when the Legislature has not provided for such a credit in the Family Code. 
The judgment of the trial court is reversed, and we remand the cause to the trial court for
entry of a judgment consistent with this opinion.

 REVERSED AND REMANDED.


 ____________________________

 HOLLIS HORTON

 Justice



Submitted on March 22, 2006

Opinion Delivered May 25, 2006

Before McKeithen, C.J., Kreger and Horton, JJ.