

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00101-CV

_____

IN THE INTEREST OF J.S.H., A MINOR CHILD

On Appeal from the 8th Judicial District Court
Franklin County, Texas
Trial Court No. 9753

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

During the six-year period Billy Jack Holloway was supposed to be making regular child support payments, he was wont to miss that obligation, occasioning numerous delinquencies. In previous attempts to compel compliance with the child support obligation, Holloway had been held in contempt and placed on community supervision. A hearing was held June 25, 2009, on the motion of the Office of the Texas Attorney General (OAG) to revoke Holloway's community service. During the period after Holloway had originally been ordered to pay child support and the hearing date, Holloway had been determined to have become totally and permanently disabled. At the conclusion of the hearing, the trial court confirmed arrearages in both Holloway's child support and medical support obligations. However, the trial court retroactively reduced both the child support arrearages and the medical support arrearages to the date Holloway had become totally and permanently disabled. In addition, the court ordered termination of prospective medical support as of June 1, 2009, and awarded judgment to Brandi Nicole Eastman (mother of J.S.H.) for Social Security disability benefits received by Holloway.

The OAG contends that the trial court abused its discretion in (1) reducing child support and medical support arrearages, (2) terminating current medical support, and (3) failing to award statutory interest on the judgment for lump sum distribution arrearages. Holloway filed a brief that simply denied that the court had abused its discretion.

2

We reverse in part, affirm in part, and remand for a determination of the appropriate medical support to be included in the judgment.

## I.    BACKGROUND

The original order determining that a parent and child relationship existed between Holloway and J.S.H. was entered in 2003.    Under that order, Holloway was directed to commence child support payments of $206.00 per month and cash medical support in the amount of $18.00 per month, the first of these ordered installments to begin July 1, 2003.   Holloway failed to comply and in January 2007, the OAG filed a motion for enforcement of Holloway's child and medical support obligations.

In response to that motion, the trial court entered a February 2007 order to enforce Holloway's child support obligation; this also confirmed arrearages in the payment of both child support and medical support.   Holloway was found guilty of punitive contempt of court for failing to pay child support and medical support as ordered on four different occasions during 2006, and was ordered committed to jail for 180 days.   The trial court determined that Holloway was then able to pay child and medical support arrearages and held him in coercive contempt pending payment of arrearages.   However, the commitment to jail was suspended and Holloway was placed on community supervision for sixty months until arrearages and all fees were paid.

Holloway apparently failed to comply, causing the OAG to file a motion which sought an order revoking Holloway's community supervision.   On September 27, 2007, the trial court

3

issued an order revoking Holloway's community supervision. This order once again confirmed child and medical support arrearages, but the previously-ordered community supervision was reinstated.

Just over a year later, the OAG filed a new motion to revoke community supervision, as child and medical support arrearages continued to accrue. That same month, Holloway applied for disability benefits, alleging mental and physical disabilities due to brain injuries (for which he had undergone surgery) suffered by him as the result of an altercation in which he had been engaged.

On April 23, 2009, the trial court entered temporary orders regarding Holloway's pending disability claim. Under this order, Holloway was directed to notify the OAG of any important developments in the processing of the disability claim and was prohibited from cashing, depositing, or otherwise negotiating any retroactive disability insurance benefit checks payable due to his disability. In violation of that order, Holloway did neither of these things; after Holloway received $1,511.98 on the disability claim, he negotiated the check he received. The final hearing from which this appeal was taken took place June 25, 2009, and the order was signed five days later.

## II.    ANALYSIS

The OAG appeals the ruling confirming child and medical support arrearages because it retroactively exculpated Holloway from the payment of certain support. We review the court's

4

ruling under an abuse of discretion standard. *Attorney Gen. of Tex. v. Stevens*, 84 S.W.3d 720, 722 (Tex. App.—Houston [1st Dist.] 2002, no pet.). A trial court's judgment is reversed only when it appears from the record as a whole that the trial court abused its discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Stevens*, 84 S.W.3d at 722. A trial court abuses its discretion when it acts without reference to any guiding rules or principles, or by acting arbitrarily or unreasonably. *In re J.I.M.*, 281 S.W.3d 504, 506–07 (Tex. App.—El Paso 2008, pet. denied). Moreover, a trial court has no discretion to misinterpret or misapply the law. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Accordingly, the failure to correctly analyze or apply the law constitutes an abuse of discretion. *Id.*; *Stevens*, 84 S.W.3d at 722.

1.      *The Trial Court Had No Discretion to Reduce Child and Medical Support Arrearages*

In the June 2009 order, the trial court confirmed child support arrearages in the amount of $7,095.51. However, upon later hearing evidence of Holloway's total and permanent disability commencing in October 2008, the trial court released child support arrearages from that date until the time of trial, thus releasing $2,780.70 in child support arrearages. Likewise, the court confirmed medical support arrearages in the amount of $685.60, but released $246.30 of this amount from the time of Holloway's disability until the time of trial. Judgment was entered for past due child support of $4,314.81 and past due medical support of $439.30. The first issue on appeal is whether the trial court acted within its discretion in releasing these amounts from confirmed arrearages.

5

Section 157.263 of the Texas Family Code provides that when a motion for enforcement requests a money judgment for arrearages, the trial court shall confirm the amount of the arrearages and render one cumulative money judgment. TEX. FAM. CODE ANN. § 157.263 (Vernon 2008). In this regard, it has been said that the trial court acts as a "mere scrivener" who mechanically tallies the amount of the arrearages. *Lewis v. Lewis*, 853 S.W.2d 850, 854 (Tex. App.—Houston [14th Dist.] 1993, no writ). Thus, although the amount of arrearages is subject to a counterclaim for offset, the trial court has no authority to reduce or modify the amount of arrearages in rendering judgment. *Beck v. Walker*, 154 S.W.3d 895, 903 (Tex. App.—Dallas 2005, no pet.). Even parents of the child may not settle child support claims until after the arrearages have been confirmed and cumulated in a money judgment or until the trial court has lost jurisdiction to enforce the unpaid child support debt. *Williams v. Patton*, 821 S.W.2d 141, 146 (Tex. 1991).

Here, the trial court complied with the preceding provision of the Code when it confirmed and entered judgment on past due child and medical support in the amounts of $7,095.51 and $685.60, respectively. *Buzbee v. Buzbee*, 870 S.W.2d 335, 340 (Tex. App.—Waco 1994, no pet.) (only after arrearage is confirmed can judge reduce amount of judgment to reflect offsets and counterclaims for actual support). After entering judgments in the preceding amounts, the trial court then provided for a "Release of Child Support Arrears" and a "Release of Medical Support

6

Arrears" followed by a section entitled "Judgment After Release" in which the reduced amounts of child and medical support are reflected.

Section 157.262(f) of the Texas Family Code provides that "[t]he money judgment for arrearages rendered by the court may be subject to a counterclaim or offset as provided by this title." TEX. FAM. CODE ANN. § 157.262(f) (Vernon Supp. 2009). In accord with this section, the OAG contends that the Texas Family Code provides the only basis for offsets and credits available to one who owes child support, and the trial court did not have the discretion to grant a credit that was not outlined in the Code. *See* TEX. FAM. CODE ANN. § 157.008 (Vernon 2008), § 157.009 (Vernon Supp. 2009).[1]

It appears that the trial court's release of past due child and medical support was based upon Holloway's inability to pay. At the hearing on the OAG's motion for new trial, Holloway argued that because he presented testimony at trial of his inability to pay, the motion should be denied. The referenced testimony relates to Holloway's head injury and subsequent surgery, resulting in his disability and consequent inability to work. At the conclusion of the hearing, the court stated that it "finds under 157.008 that the obligor lacked the ability to provide support in the

---

[1]Section 157.008 of the Code is titled, "Affirmative Defense to Motion for Enforcement of Child Support" and sets out the following conditions for asserting this defense: (1) the obligee must have voluntarily relinquished actual possession and control of the child to the obligor; (2) for a period exceeding court-ordered periods of possession and access to the child; (3) during which the obligor must have supplied actual support. TEX. FAM. CODE ANN. § 157.008(a), (b). If these conditions are met, the obligor "may request reimbursement for that support as a counterclaim or offset against the claim of the obligee." TEX. FAM. CODE ANN. § 157.008(d). Holloway does not contend that he is entitled to an offset under this, and there is no evidence that he ever maintained actual possession or control of J.S.H.

7

amount ordered." TEX. FAM. CODE ANN. § 157.008. The section cited in the order is entitled

"Affirmative Defense to Motion for Enforcement of Child Support" and it provides as follows:

> (c) An obligor may plead as an affirmative defense to an allegation of contempt or of the violation of a condition of community service requiring payment of child support that the obligor:
>
> > (1) lacked the ability to provide support in the amount ordered;
> >
> > (2) lacked property that could be sold, mortgaged, or otherwise pledged to raise the funds needed;
> >
> > (3) attempted unsuccessfully to borrow the funds needed; and
> >
> > (4) knew of no source from which the money could have been borrowed or legally obtained.

TEX. FAM. CODE ANN. § 157.008(c).

The OAG contends that because Section 157.008(c) is designed solely to provide an affirmative defense for contemnors and probationers against a guilty verdict and/or confinement, the trial court erred in utilizing this as a means to grant a credit against Holloway's past due child support. *See Ex parte Rojo*, 925 S.W.2d 654, 655 (Tex. 1996) (holding civil contempt illegal when obligor financially unable to pay amount required by court's commitment order). As stated in the statute, Section 157.008(c) may be employed as an affirmative defense to an allegation of contempt or of the violation of a condition of community service requiring payment of child support. TEX. FAM. CODE ANN. § 157.008(c). In such a proceeding, the obligee bears the burden of proving that child support was due and not paid. *In re D.S.P.*, 210 S.W.3d 776, 781 (Tex.

8

App.—Corpus Christi 2006, no pet.). Once the obligee has met that burden, the obligor may plead the affirmative defense of inability to provide support, which the obligor then has the burden to prove by a preponderance of the evidence. *Id.*; *see also* TEX. FAM. CODE ANN. §§ 157.006, 157.008(c) (Vernon 2008).

Although Section 157.008(d) may be utilized to prove an offset to child support, we find no authority to support the proposition that subsection (c) may likewise be so utilized. *See* TEX. FAM. CODE ANN. § 157.008(d).[2] Moreover, because the affirmative defense under Section 157.008(c) applies exclusively to an allegation of contempt or to an attempt to revoke community service, the application of Sections 157.262 and 157.263 to reduce the amount of a previously-adjudged arrearage is error. *In re A.D.S.*, No. 14-08-00147-CV, 2009 WL 3000714, at *3 (Tex. App.—Houston [14th Dist.] Sept. 22, 2009, no pet.) (mem. op.); *see also In re A.F.N.*, No. 03-07-00164-CV, 2008 WL 615428, at *1 n.4 (Tex. App.—Austin Mar. 5, 2008, no pet.) (mem. op.) (Section 157.008 of Texas Family Code does not include earning capacity as ground for offset and earning capacity is only relevant on issue of contempt and violation of community service).

Conversely, the offset provided by subsection (d) applies when pled as an affirmative defense to a motion for enforcement of child support. To conclude that the affirmative defense

---

[2]Section 157.008(d) provides: "An obligor who has provided actual support to the child during a time subject to an affirmative defense under this section may request reimbursement for that support as a counterclaim or offset against the claim of the obligee." TEX. FAM. CODE ANN. § 157.008(d).

(e.g., the inability to pay) to an allegation of contempt or of violation of a condition of community service can also be utilized as an offset against a claim of support is an improper mixing of remedies. In fact, the OAG contends that in so doing, the trial court acted without reference to any guiding principles set out in the Texas Family Code. We agree.

By reducing a proven arrearage as part of its order, the trial court attempted to apply relief not outlined in the Texas Family Code.[3] The Legislature has provided tools and defenses for an obligor who is unable to pay all or part of the ordered support to avoid an arrearage. *See, e.g.*, TEX. FAM. CODE ANN. § 157.008 (proving affirmative defenses to motion for enforcement of child support), § 156.006 (Vernon 2008) (providing court may render temporary order in suit for modification). An obligor who fails to take advantage of these provisions runs the risk of facing a judgment for arrearages which the trial court has no discretion to reduce or modify. *J.I.M.*, 281 S.W.3d at 509–10. On the record before this Court, we are compelled to conclude that the trial

---

[3]The Legislature recently enacted Section 157.009 of the Texas Family Code, which provides a credit for disability benefits:

> In addition to any other credit or offset available to an obligor under this title, if a child for whom the obligor owes child support receives a lump-sum payment as a result of the obligor's disability and that payment is made to the obligee as the representative payee of the child, the obligor is entitled to a credit. The credit under this section is equal to the amount of the lump-sum payment and shall be applied to any child support arrearage and interest owed by the obligor on behalf of that child at the time the payment is made.

TEX. FAM. CODE ANN. § 157.009 (effective June 19, 2009). Because this provision does not address the retroactive release of child support arrearages in the absence of a lump sum payment, it does not serve to validate the action of the trial court in releasing the subject arrearages.

court exceeded the scope of its discretion in reducing Holloway's child support and medical support arrearages.[4]

> 2. *The Trial Court Abused Its Discretion When It Terminated Current Medical Support*

In its original order establishing the parent-child relationship between Holloway and J.S.H., the trial court found that neither Holloway nor Eastman had access to private health insurance for J.S.H.; it accordingly ordered Holloway to pay $18.00 per month in current medical support. At the June 2009 hearing, the trial court ordered termination of the current and prospective medical support obligation effective June 1, 2009. The OAG contends that because the Texas Family Code requires the trial court to order medical support, the trial court abused its discretion in terminating medical support for the benefit of J.S.H.

The Texas Family Code mandates the provision of medical support for any child subject to child support. *See* TEX. FAM. CODE ANN. § 154.181(a) (Vernon Supp. 2009) ("[t]he court shall render an order for the medical support of the child"); *In re J.S.P.*, 278 S.W.3d 414, 424 (Tex. App.—San Antonio 2008, no pet.) ("Accordingly, the trial court had no discretion but to order one party or the other to provide health insurance for J.S.P., irrespective of whether Pendleton pleaded for it."). If the trial court requires that the child must participate in a government medical

---

[4]A medical support arrearage is a child support obligation enforceable by the same methods as any other child support obligation. TEX. FAM. CODE ANN. § 154.183(a)(2), (3) (Vernon Supp. 2009).

assistance plan or health plan, the court must order cash medical support from the obligor. TEX. FAM. CODE ANN. § 154.182(b)(3) (Vernon Supp. 2009).[5]

The sole circumstance available under the Texas Family Code which allows the termination of current cash medical support is that which exists when the obligor provides private health insurance for the child. TEX. FAM. CODE ANN. § 154.182(b)(3).

Presumably, the trial court discontinued cash medical support payments for the benefit of J.S.H. based upon Holloway's disability and his lack of earning potential. The record indicates that Holloway's monthly Social Security disability benefits total $755.00. Fifty percent of those monthly benefits ($377.50) are paid out in child support.[6] Holloway is the father of two children by his current marriage, both of whom reside with him, and his monthly disability benefit is the family's sole source of income. That income amounts to $377.50 (after payment of current child support). Holloway's mortgage payment is $275.00. Understandably, the trial court was concerned about Holloway's financial circumstances.

In this instance, however, the trial court's options were limited to a modification of the cash medical support payments to comport with J.S.H.'s monthly benefit.[7] TEX. FAM. CODE ANN.

---

[5]The amount of the cash medical support is not to exceed nine percent of the obligor's annual resources, as described by Section 154.062(b). TEX. FAM. CODE ANN. § 154.182(b)(3).

[6]Holloway is responsible for child support for J.S.H. and C.L.H., Holloway's child by a different mother.

[7]We observe that the trial court did, in fact, modify Holloway's child support obligation in light of his disability.

§ 154.132 (Vernon 2008) (Application of Guidelines to Children of Certain Disabled Obligors).[8] Because there was no evidence that Holloway had provided health insurance for the benefit of J.S.H., and that is the only avenue by which an ongoing cash medical support obligation can be terminated, the trial court was not at liberty to terminate provision of medical support for J.S.H., and exceeded the scope of its discretion in doing so.

### 3. No Additional Interest Is Payable on Lump Sum Distribution

In its July 2009 order, the trial court found Holloway in violation of the temporary order of April 2009, by receiving a lump sum distribution from the Social Security Administration (SSA) in the amount of $1,511.98 on its finding of total and permanent disability and then negotiating payment of the check, paying nothing on his child support arrearage. Accordingly, the court ordered Holloway to reimburse Eastman one-half of the distribution (or $755.99) at the rate of ten dollars per month until paid. The order makes no provision for the allowance of post-judgment interest on this $755.99. The OAG claims the trial court had a ministerial duty to award statutory interest on this portion of the judgment.[9] We disagree.

When Holloway was ordered to reimburse Eastman for the one-half of the distribution received from the SSA, he owed past due child support, which had been reduced to judgment and was accruing statutory interest. Had Holloway acted as he had been directed, the funds would

---

[8]Section 154.181 of the Texas Family Code addresses the medical support order, and provides that "[t]he court shall render an order for the medical support of the child as provided by this and Section 154.182 in: . . . any other suit affecting the parent-child relationship in which the court determines that medical support of the child must be established, modified, or clarified." TEX. FAM. CODE ANN. § 154.181(a)(2).
[9]The judgment awards post-judgment interest on child and medical support arrearages.

13

have been applied to the deficiency and there would have been no more interest accruing on the part of the child support obligation which had been met by the payment. To award interest on funds Holloway received from the SSA would have the effect of awarding interest twice on the same unpaid funds. The trial court was correct in its determination that such amount was not subject to statutory interest. We overrule this point of error.

## III. CONCLUSION

We reverse that portion of the judgment which releases past due child and medical support and render judgment that confirms child and medical support arrearages in the amounts determined to exist on May 31, 2009. We affirm that portion of the judgment ordering Holloway to pay $755.99 to Eastman without additional statutory interest on this amount. We remand to the trial court for a determination of the appropriate amount of cash medical support to be included in the judgment.

Bailey C. Moseley
Justice

Date Submitted:    April 20, 2010
Date Decided:    April 21, 2010

14