

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00085-CV

IN THE INTEREST OF N.M.R. AND E.A.R., CHILDREN

On Appeal from the 402nd District Court
Wood County, Texas
Trial Court No. 2008-650

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Pro se appellant D.R.[1] appeals the trial court's order confirming the amount of unpaid child and medical support that accrued against him for almost thirteen years. In his first point of error, D.R. contends that the trial court reversibly erred when it "exclude[ed] and failed to consider critical evidence" during the hearing on the matter. D.R. is currently an inmate at the Wrightsville Unit of the Arkansas Department of Corrections (ADC). He expects to be released in 2025. In the hearing, D.R. expressed his assent to an agreement that set an agreed amount of arrearage but provided that D.R. would not be required to make payments on that arrearage during his incarceration. For the reasons below, we affirm the trial court's judgment.[2]

## I.   Background

On August 6, 2001, D.R. filed a petition for divorce from his wife, A.R., in the 382nd Judicial District Court of Rockwall County, Texas. D.R. and A.R. are the parents of N.M.R. and E.A.R. On December 31, 2002, the trial court granted the couple's divorce and entered a child

---

[1]To protect their identities, we refer to the children and their parents by initials. *See* TEX. R. APP. P. 9.8.

[2]In his second point of error, D.R. states, "Factually sufficient, prosecuting attorney trial court by William Coast Appallee [sic] in lower court effectually inconclusive dialogue, with proficient manner of subject highly educated against, pro-se – un-educated in law, procedural manner & tactic's – and afraid – ." "[P]ro se litigant[s are] held to the same standards as licensed attorneys and must comply with all applicable laws and rules of procedure." *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied). It is D.R.'s burden to discuss his points of error. *See Martinez v. El Paso Cnty.*, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck). As an appellate court, we have no obligation or even a right to perform an independent review of the record and the relevant law to determine whether there was error. *Id.* If we did, even on behalf of a pro se appellant, we would be relinquishing our role as a neutral adjudicator and becoming an advocate to one of the parties. *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied) (per curiam). When reviewing a civil record, an appellate court has no discretion to consider an issue not raised in the appellant's brief. *Bankhead v. Maddox*, 135 S.W.3d 162, 163–64 (Tex. App.—Tyler 2004, no pet.).

D.R.'s second point of error is disjointed and practically incomprehensible. Moreover, he fails to cite to the record or to any legal authority in support of his position. Consequently, we have no discretion with which to address his remaining point of error.

support order requiring D.R. to pay $300.00 per month in child support. On October 13, 2008, the 382nd District Court transferred the case to the 402nd Judicial District Court of Wood County, Texas, but D.R.'s child support obligation remained the same. On February 25, 2009, pursuant to an order in a suit for modification of support order and to confirm support arrearage, the trial court (1) found and confirmed that D.R. was in child support arrears in the amount of $901.50, (2) entered a judgment in that amount with interest at the rate of six percent per annum, (3) ordered D.R. to make a $25.00 monthly payment toward his arrearage balance, (4) ordered D.R. to continue paying A.R. $300.00 a month in child support, and (5) ordered D.R. to make a payment of $20.00 per month in cash medical support. The order also stated,

> If [*D.R.*] has not paid the judgment in full by the date his current child support obligation ends, he is Ordered to pay the remainder of said judgment by paying $325.00 each month on or before the same day of each month until the arrearage is paid in full. The withholding order authorized herein shall include such payments, but nothing herein shall prohibit the use of other collection methods authorized by law.

On June 21, 2022, the Office of Texas Attorney General (the OAG) filed a motion to confirm support arrearage, asking the trial court to "confirm and enter judgment for all support arrearage and accrued interest as of the hearing date." The motion continued, "The Court should order payment and income withholding to liquidate the judgment . . . ." In its motion, the OAG stated that D.R. had paid $527.81 in child support since January 31, 2009, he was ordered to pay $41,835.97 in total child support arrearage as of June 15, 2022, and he was ordered to pay $1,297.75 in total medical support arrearage as of June 15, 2022. The OAG also averred that "[t]he amount and frequency of [*D.R.*]'s child support obligation ha[d] ended because both children [had] emancipated."

3

On October 11, 2022, D.R. filed a "Motion on Response of Arrearage," stating that E.A.R. and N.M.R. no longer resided with A.R. and that both children had been emancipated. D.R. disagreed with the OAG's contention that he was in child support and medical support arrearage in the amount of $41,835.97 and $1,297.75, respectively. Instead, D.R. maintained that he owed $26,455.40 in total child support arrearage as of April 30, 2016, and $465.97 in total medical support arrearages. D.R. then stated that he would agree to pay $26,921.37 when he was released from the ADC and "upon getting a job." D.R. explained that he would be eligible for release on April 15, 2025, and that his discharge date would be January 19, 2044.

On October 14, 2022, the trial court conducted a hearing on the matter via video conference. It appears that the parties reached an agreement at or shortly before the hearing. The State introduced exhibit 1, which was an updated record of D.R.'s arrearage since the entry of the 2009 court order up to October 12, 2022, showing that D.R. was $43,675.20 in child and medical support arrearages as of that date. The trial court asked D.R. if he had any objection to the exhibit, to which he responded, "No, I don't." The OAG then recited the parties' agreement as follows:

> We would ask the Court to find and confirm that at the end of September 2022 -- September 30[th], 2022, [D.R.] owed $32, 365.45[3] in child support arrears. We would ask that the Court take judgment against [D.R.] for that same amount. We would ask that at this time the Court not order any monthly payment on said judgment.
>     We would also ask that the Court find and confirm that on that same day, September 30[th] of 2022, [D.R.] owed medical support arrearage in the amount of

---

[3]Directing us to the final judgment contained in the record, the OAG avers that the arrearage amount that was transcribed by the court reporter, $32,365.45 was a typographical error and that it should have reflected the correct amount of $42,365.45. We make no affirmative finding on whether there was a typographical error, the OAG misspoke at the hearing, or there was a glitch in the online communications. Exhibit 1, to which D.R. agreed, puts the child support arrearage at $42,365.45 and, therefore, supports the trial court's judgment in that amount.

4

$1,309.75. We'd ask that the Court take a judgment against [D.R.] in that same amount. We would ask that the Court also not order a monthly payment on that judgment at this time.

The OAG then called D.R. to the stand and inquired as to whether he heard the terms of the agreement, to which D.R. responded, "Correct." The OAG asked, "And those were things that you discussed with . . . the [OAG] as well as [A.R.] a moment ago, correct?" D.R. answered, "Yes, sir." The OAG then asked D.R. if he agreed that the trial court should confirm that he owed that amount of money in child and medical support arrearages. D.R. responded, "Yes, sir, correct." D.R. also testified that he understood that he was not required to make a monthly payment against the arrearages because he was currently confined in the ADC. Again, D.R. answered, "Yes, sir, correct." D.R. agreed that his projected release date was sometime in 2025. After hearing testimony from A.R., the OAG once again asked the trial court to confirm the parties' agreement, and D.R. and the OAG indicated that they had nothing further for the court's consideration.

## II.    Discussion

D.R. filed a pro se motion to appeal, maintaining that the trial court "exclude[ed] and failed to consider critical evidence that was mailed to the lower court and presented at trial." D.R. contends that, because the trial court failed to consider the alleged proffered evidence, its final order confirming his child support arrearages was "contrary to the overwhelming weight of evidence."

D.R. directs us to four exhibits that he claims were excluded from the trial court's hearing:

Exhibit A that included and had as well the evidence of the monthly calculation and yearly calculation of all the monthly child support payments due, and all the monthly past due arrearages, and all the monthly insurance past due. And could show the errors.

Exhibit B in the motion to confirm support arrearages on bullet point 6. Last sentence states, "The amount and frequency of [D.R.]'s child support obligation has ended because both children have Emancipated.
The Children have turned eighteen 18 both as indicated on Exhibit A but the Child Support Division kept charging me eight . . . [a]dditional years. Error in total sum due . . . .

D.R. also refers to Exhibits C and D, which are attached to his appellate brief and entitled "Motion on Responce [sic] of Arrearage" and "Time Card w/ Release date,"[4] respectively.

The majority of appealable issues in a family law proceeding, including a trial court's confirmation of child support arrearages, are reviewed pursuant to an abuse of discretion standard. *Att'y Gen. of Tex. v. Stevens*, 84 S.W.3d 720, 722 (Tex. App.—Houston [1st Dist.] 2002, no pet.). A trial court's judgment will be reversed only when it appears from the record, as a whole, that the trial court abused its discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). A trial court abuses its discretion when it acts unreasonably, arbitrarily, or without reference to any guiding principles. *Stevens*, 84 S.W.3d at 722 (citing *Worford*, 801 S.W.2d at 109; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)).

Citing *Copeland v. Moreland*, No. 06-14-00075-CV, 2015 WL 545679, at *2 (Tex. App.—Texarkana Feb. 10, 2015, no pet.) (mem. op) (citing *Robb v. Horizon Cmtys. Improvement Ass'n, Inc.*, 417 S.W.3d 585, 589 (Tex. App.—El Paso 2013, no pet.)), the State

_____

[4]Contrary to D.R.'s contention, Exhibit D appears to be a sentencing order.

contends, among other things, that an appellate court may not consider documents as "exhibits" merely because a party attaches the documents to his brief and describes them as such.

Although we agree with the State's initial contention, we do not find it necessary to address its argument at any length. This is so because the transcript of the hearing does not show that the trial court excluded any document offered by D.R.. In fact, the complained-of exhibits were not presented to the trial court for its consideration. Moreover, D.R. agreed with all of the OAG's assertions regarding the amount of child support and medical support arrearages. Further, those assertions were supported by the only exhibit admitted during the hearing. Notably, D.R. had no objection to the exhibit or its contents.

For these reasons, we cannot conclude that the trial court abused its discretion when it confirmed D.R.'s child support and medical support arrearages in the amounts of $42,365.45 and $1,309.75, respectively.

## III. Conclusion

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:     April 18, 2023
Date Decided:       April 27, 2023

7